The Honorable Jamal N. Whitehead

FILED ____ ENTERED
____ LODGED ____ RECEIVED

SEP 19 2025

AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
BY                                    DEPUTY

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ANTHONY MCQUEEN,<br><br>Defendant. | NO. CR24-122-JNW<br><br>**PLEA AGREEMENT** |

The United States, through Acting United States Attorney Teal Luthy Miller and Special Assistant United States Attorney Jessica M. Ly of the Western District of Washington, and ANTHONY MCQUEEN and MCQUEEN's attorney Peter Geisness enter into the following Plea Agreement, pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B).

1. **The Charges.** Defendant, having been advised of the right to have this matter tried before a jury, agrees to waive that right and enters a plea of guilty to each of the following charges contained in the Indictment.

    a. Conspiracy to Commit Bank Fraud, as charged in Count 1, in violation of Title 18, United States Code, Sections 1344 and 1349.

Plea Agreement - 1
*United States v. Anthony McQueen*, CR24-122-JNW

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

   b.  Aggravated Identity Theft, as charged in Count 9, in violation of Title 18, United States Code, Section 1028A(a)(1).

By entering these pleas of guilty, Defendant hereby waives all objections to the form of the charging document. Defendant further understands that before entering any guilty plea, Defendant will be placed under oath. Any statement given by Defendant under oath may be used by the United States in a prosecution for perjury or false statement.

  2.  **Elements of the Offenses.** The elements of the offenses to which Defendant is pleading guilty are as follows:

   a.  The elements of Conspiracy to Commit Bank Fraud, as charged in Count 1, are as follows:

    *First*, two or more persons, in some way or manner, agreed to try to accomplish a common and unlawful plan to commit Bank Fraud, as charged in the indictment; and

    *Second*, the defendant knew the unlawful purpose of the plan and willfully joined in it.

   b.  The elements of Bank Fraud (the object of the conspiracy) are as follows:

    *First*, the defendant knowingly carried out a scheme or plan to obtain money or property from the financial institution by making false statements or promises;

    *Second*, the defendant knew that the statements or promises were false;

    *Third*, the statements or promises were material; that is, they had a natural tendency to influence, or were capable of influencing, a financial institution to part with money or property;

    *Fourth*, the defendant acted with the intent to defraud; and

    *Fifth*, the financial institution was federally chartered or insured.

Plea Agreement - 2
*United States v. Anthony McQueen*, CR24-122-JNW

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

   c. The elements of Aggravated Identity Theft, as charged in Count 9, are as follows:

  *First*, the defendant knowingly transferred, possessed, or used without legal authority a means of identification of another person;

  *Second*, the defendant knew that the means of identification belonged to a real person.

  *Third*, the defendant did so during and in relation to a felony violation enumerated in 18 U.S.C. § 1028A(c), here, Conspiracy to Commit Bank Fraud in violation of 18 U.S.C. § 1349.

  3. **The Penalties.** Defendant understands that the statutory penalties applicable to the offenses to which Defendant is pleading guilty are as follows:

   a. For the offense of Conspiracy to Commit Bank Fraud, as charged in Count 1: A maximum term of imprisonment of up to 30 years, a fine of up to $1,000,000.00, a period of supervision following release from prison of up to 5 years, and a mandatory special assessment of $100.00 dollars.

   b. For the offense of Aggravated Identity Theft, as charged in Count 9: A mandatory minimum term of imprisonment of 2 years, to be served consecutively to all other sentences; a fine of up to $250,000.00, a period of supervision following release from prison of up to 1 year, and a mandatory special assessment of $100.00 dollars.

  Defendant understands that supervised release is a period of time following imprisonment during which Defendant will be subject to certain restrictive conditions and requirements. Defendant further understands that, if supervised release is imposed and Defendant violates one or more of the conditions or requirements, Defendant could be returned to prison for all or part of the term of supervised release that was originally imposed. This could result in Defendant serving a total term of imprisonment greater than the statutory maximum stated above.

Plea Agreement - 3
*United States v. Anthony McQueen*, CR24-122-JNW

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

Defendant understands that as a part of any sentence, in addition to any term of imprisonment and/or fine that is imposed, the Court may order Defendant to pay restitution to any victim of the offense, as required by law.

Defendant further understands that the consequences of pleading guilty may include the forfeiture of certain property, either as a part of the sentence imposed by the Court, or as a result of civil judicial or administrative process.

Defendant agrees that any monetary penalty the Court imposes, including the special assessment, fine, costs, or restitution, is due and payable immediately and further agrees to submit a completed Financial Disclosure Statement as requested by the United States Attorney's Office.

Defendant understands that, if pleading guilty to a felony drug offense, Defendant will become ineligible for certain food stamp and Social Security benefits as directed by Title 21, United States Code, Section 862a.

4. **Immigration Consequences.** Defendant recognizes that pleading guilty may have consequences with respect to Defendant's immigration status if Defendant is not a citizen of the United States, or may have consequences with respect to citizenship status if Defendant is a naturalized citizen of the United States. Under federal law, a broad range of crimes are grounds for removal, and some offenses make removal from the United States presumptively mandatory. In some instances, a criminal conviction may be grounds for revocation of naturalized citizenship status. Removal, de-naturalization, and other immigration consequences are the subject of a separate proceeding, and Defendant understands that no one, including Defendant's attorney and the Court, can predict with certainty the effect of a guilty plea on immigration or naturalized citizenship status. Defendant nevertheless affirms that Defendant wants to plead guilty regardless of any consequences that Defendant's guilty pleas may entail, even if the consequence is Defendant's removal from the United States or loss of naturalized citizenship.

Plea Agreement - 4
*United States v. Anthony McQueen*, CR24-122-JNW

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

5. **Rights Waived by Pleading Guilty.** Defendant understands that by pleading guilty, Defendant knowingly and voluntarily waives the following rights:

   a. The right to plead not guilty and to persist in a plea of not guilty;

   b. The right to a speedy and public trial before a jury of Defendant's peers;

   c. The right to the effective assistance of counsel at trial, including, if Defendant could not afford an attorney, the right to have the Court appoint one for Defendant;

   d. The right to be presumed innocent until guilt has been established beyond a reasonable doubt at trial;

   e. The right to confront and cross-examine witnesses against Defendant at trial;

   f. The right to compel or subpoena witnesses to appear on Defendant's behalf at trial;

   g. The right to testify or to remain silent at trial, at which trial such silence could not be used against Defendant; and

   h. The right to appeal a finding of guilt or any pretrial rulings.

6. **United States Sentencing Guidelines.** Defendant understands and acknowledges that the Court must consider the sentencing range calculated under the United States Sentencing Guidelines and possible departures under the Sentencing Guidelines together with the other factors set forth in Title 18, United States Code, Section 3553(a), including: (1) the nature and circumstances of the offenses; (2) the history and characteristics of Defendant; (3) the need for the sentence to reflect the seriousness of the offenses, to promote respect for the law, and to provide just punishment for the offenses; (4) the need for the sentence to afford adequate deterrence to criminal conduct; (5) the need for the sentence to protect the public from further crimes

Plea Agreement - 5
United States v. Anthony McQueen, CR24-122-JNW

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

of Defendant; (6) the need to provide Defendant with educational and vocational training, medical care, or other correctional treatment in the most effective manner; (7) the kinds of sentences available; (8) the need to provide restitution to victims; and (9) the need to avoid unwarranted sentence disparity among defendants involved in similar conduct who have similar records. Accordingly, Defendant understands and acknowledges that:

    a.    The Court will determine Defendant's Sentencing Guidelines range at the time of sentencing;

    b.    After consideration of the Sentencing Guidelines and the factors in 18 U.S.C. 3553(a), the Court may impose any sentence authorized by law, up to the maximum term authorized by law;

    c.    The Court is not bound by any recommendation regarding the sentence to be imposed, or by any calculation or estimation of the Sentencing Guidelines range offered by the parties or the United States Probation Department, or by any stipulations or agreements between the parties in this Plea Agreement; and

    d.    Defendant may not withdraw a guilty plea solely because of the sentence imposed by the Court.

7.    **Ultimate Sentence.** Defendant acknowledges that no one has promised or guaranteed what sentence the Court will impose.

8.    **Statement of Facts.** Defendant admits Defendant is guilty of the charged offenses. The parties agree on the following facts:

    a.    At all relevant times, the Victim Credit Union ("VCU") met the definition of a financial institution under Title 18, United States Code, Section 20, because it was an insured depository institution with deposits insured by the National Credit Union Share Insurance Fund.

    b.    Co-defendant Dangelo Roberts was an associate of ANTHONY MCQUEEN.

Plea Agreement - 6
*United States v. Anthony McQueen*, CR24-122-JNW

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

     c.     In or around May 2022, MCQUEEN agreed with Roberts that MCQUEEN would accept personally identifiable information ("PII") and fake identification cards supplied by Roberts in order to impersonate VCU members and commit fraud on and using their accounts. At the time of their agreement, MCQUEEN understood that Roberts had unlawfully obtained the VCU members' PII and account information. MCQUEEN admits that he knowingly and willfully joined in this conspiracy to commit bank fraud.

     d.     Beginning in or about May 2022 and continuing through in or about October 2022, within the Western District of Washington, MCQUEEN, Roberts, and other co-conspirators knowingly carried out a scheme or plan to obtain money from the VCU by making false statements or promises as to material matters. MCQUEEN and other co-conspirators impersonated individual victims who maintained accounts at the VCU and falsely authenticated (or attempted to authenticate) their access to those accounts using PII originating from an employee at the time of the VCU, Aneicia Ford. At all relevant times, MCQUEEN, Roberts, and other co-conspirators acted with the intent to defraud by falsely representing to the VCU that they were authorized to access funds or credits in the individual victims' accounts, when MCQUEEN, Roberts, and other co-conspirators knew they lacked any such authorization.

     e.     In particular, on May 27, 2022, at a VCU branch in Tukwila, MCQUEEN knowingly used without legal authority a means of identification of VCU member A.A. (A.A.'s name) to withdraw $25,000 in cash from A.A.'s VCU account. MCQEEN knew that this means of identification (A.A.'s name) belonged to a real person. MCQUEEN admits that his actions were committed during and in relation to the conspiracy to commit bank fraud.

     f.     MCQUEEN expected to receive, and did receive, payment from Roberts for his participation in the conspiracy and fraudulent scheme.

Plea Agreement - 7
United States v. Anthony McQueen, CR24-122-JNW

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

      g.    MCQUEEN admits that he fraudulently accessed at least three VCU members' accounts between May 2022 and August 2022, and personally obtained a total of $66,395.22 as proceeds of the conspiracy and fraudulent scheme.

The parties agree that the Court may consider additional facts contained in the Presentence Report (subject to standard objections by the parties) and/or that may be presented by the United States or Defendant at the time of sentencing, and that the factual statement contained herein is not intended to limit the facts that the parties may present to the Court at the time of sentencing.

9. **Sentencing Factors.** The parties agree that the following Sentencing Guidelines provisions apply to this case:

    a.    The base offense level is seven, under USSG § 2B1.1(a)(1).

    b.    An six-level increase under USSG § 2B1.1(b)(1)(D) because the loss exceeds $40,000.00 but is less than $95,000.00.

The parties agree they are free to present arguments regarding the applicability of all other provisions of the United States Sentencing Guidelines. Defendant understands, however, that at the time of sentencing, the Court is free to reject these stipulated adjustments, and is further free to apply additional downward or upward adjustments in determining Defendant's Sentencing Guidelines range.

10. **Acceptance of Responsibility.** At sentencing, if the Court concludes Defendant qualifies for a downward adjustment for acceptance of responsibility pursuant to USSG § 3E1.1(a) and Defendant's offense level is 16 or greater, the United States will make the motion necessary to permit the Court to decrease the total offense level by three levels pursuant to USSG §§ 3E1.1(a) and (b), because Defendant has assisted the United States by timely notifying the United States of Defendant's intention to plead guilty, thereby permitting the United States to avoid preparing for trial and permitting the Court to allocate its resources efficiently.

Plea Agreement - 8
*United States v. Anthony McQueen*, CR24-122-JNW

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1    11.    **Recommendation Regarding Imprisonment.** Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B), the United States agrees to recommend that the appropriate term of imprisonment to be imposed by the Court at the time of sentencing is a total term of no more than 36 months. Defendant is free to make any recommendation permitted by law. Defendant understands that these recommendations are not binding on the Court and the Court may reject the recommendation of the parties and may impose any term of imprisonment up to the statutory maximum penalty authorized by law. Defendant further understands that Defendant cannot withdraw a guilty plea simply because of the sentence imposed by the Court. Except as otherwise provided in this Plea Agreement, the parties are free to present arguments regarding any other aspect of sentencing.

12.    **Restitution.** Defendant shall make restitution to the Victim Credit Union in the amount of $66,395.22, with credit for any amounts already paid.

    a.    The full amount of restitution shall be due and payable immediately on entry of judgment and shall be paid as quickly as possible. If the Court finds that the defendant is unable to make immediate restitution in full and sets a payment schedule as contemplated in 18 U.S.C. § 3664(f), Defendant agrees that the Court's schedule represents a minimum payment obligation and does not preclude the U.S. Attorney's Office from pursuing any other means by which to satisfy Defendant's full and immediately-enforceable financial obligation, including, but not limited to, by pursuing assets that come to light only after the district court finds that Defendant is unable to make immediate restitution.

    b.    Defendant agrees to disclose all assets in which Defendant has any interest or over which Defendant exercises control, directly or indirectly, including those held by a spouse, nominee, or third party. Defendant agrees to cooperate fully with the United States' investigation identifying all property in which Defendant has an interest and with the United States' lawful efforts to enforce prompt payment of the financial

Plea Agreement - 9  
United States v. Anthony McQueen, CR24-122-JNW

UNITED STATES ATTORNEY  
700 STEWART STREET, SUITE 5220  
SEATTLE, WASHINGTON 98101  
(206) 553-7970

1  obligations to be imposed in connection with this prosecution. Defendant's cooperation
2  obligations are: (1) before sentencing, and no more than 30 days after executing this Plea
3  Agreement, truthfully and completely executing a Financial Disclosure Statement
4  provided by the United States Attorney's Office and signed under penalty of perjury
5  regarding Defendant's and Defendant's spouse's financial circumstances and producing
6  supporting documentation, including tax returns, as requested; (2) providing updates with
7  any material changes in circumstances, as described in 18 U.S.C. § 3664(k), within seven
8  days of the event giving rise to the changed circumstances; (3) authorizing the United
9  States Attorney's Office to obtain Defendant's credit report before sentencing; (4)
10 providing waivers, consents or releases requested by the U.S. Attorney's Office to access
11 records to verify the financial information; (5) authorizing the U.S. Attorney's Office to
12 inspect and copy all financial documents and information held by the U.S. Probation
13 Office; (6) submitting to an interview regarding Defendant's Financial Statement and
14 supporting documents before sentencing (if requested by the United States Attorney's
15 Office), and fully and truthfully answering questions during such interview; and (7)
16 notifying the United States Attorney's Office before transferring any interest in property
17 owned directly or indirectly by Defendant, including any interest held or owned in any
18 other name, including all forms of business entities and trusts.

19           c.    The parties acknowledge that voluntary payment of restitution prior
20 to the adjudication of guilt is a factor the Court considers in determining whether
21 Defendant qualifies for acceptance of responsibility pursuant to USSG § 3E1.1(a).

22           13.   **Forfeiture of Assets.** Defendant understands the forfeiture of property is
23 part of the sentence that must be imposed in this case. Defendant agrees to forfeit to the
24 United States immediately all of his right, title, and interest in any property constituting,
25 or derived from, proceeds Defendant obtained directly or indirectly, as the result of the
26 bank-fraud scheme charged in Count 1 of the Indictment. Such property is forfeitable
27 pursuant to Title 18, United States Code, Section 982(a)(2)(A), and includes, but is not

Plea Agreement - 10
United States v. Anthony McQueen, CR24-122-JNW

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

limited to a judgment for a sum of money (also known as a forfeiture money judgment) in the amount of $66,395.22, representing the proceeds Defendant obtained from his commission of the bank-fraud scheme charged in Count 1.

Defendant understands and acknowledges that any property forfeited will be separate and distinct from any restitution that is ordered in this case. The United States Attorney's Office (the "USAO") agrees, however, that, if Defendant fully satisfies the restitution obligation set forth in paragraph 12, the United States will credit such restitution payments toward the balance of the forfeiture money judgment.

Defendant agrees to fully assist the United States in the forfeiture of the above-described property and to take whatever steps are necessary to pass clear title to the United States, including but not limited to: surrendering title and executing any documents necessary to effect forfeiture; assisting in locating the property; assisting in bringing any property located outside the United States within the jurisdiction of the United States; and taking whatever steps are necessary to ensure that property subject to forfeiture is not sold, disbursed, wasted, hidden, or otherwise made unavailable for forfeiture. Defendant agrees not to file a claim to any such property in any federal forfeiture proceeding, administrative or judicial, which may be or has been initiated. Defendant also agrees he will not assist any party who may file a claim to this property in any federal forfeiture proceeding.

The United States reserves its right to proceed against any remaining property not identified in this Plea Agreement, including any property in which Defendant has any interest or control, if said assets constitute or derive from proceeds traceable to the bank-fraud scheme charged in Count 1.

14.   **Abandonment of Contraband.** Defendant also agrees that, if any federal law enforcement agency seized any illegal contraband that was in Defendant's direct or indirect control, Defendant consents to the federal administrative disposition, official use, and/or destruction of that contraband.

Plea Agreement - 11
*United States v. Anthony McQueen*, CR24-122-JNW

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

15. **Non-Prosecution of Additional Offenses.** As part of this Plea Agreement, the United States Attorney's Office for the Western District of Washington agrees not to prosecute Defendant for any additional offenses known to it as of the time of this Plea Agreement based upon evidence in its possession at this time, and that arise out of the conduct giving rise to this investigation, and moves to dismiss the remaining counts in the Indictment at the time of sentencing. In this regard, Defendant recognizes the United States Attorney's Office for the Western District of Washington has agreed not to prosecute all of the criminal charges the evidence establishes were committed by Defendant solely because of the promises made by Defendant in this Plea Agreement. Defendant agrees, however, that for purposes of preparing the Presentence Report, the United States Attorney's Office will provide the United States Probation Office with evidence of all conduct committed by Defendant.

Defendant agrees that any charges to be dismissed before or at the time of sentencing were substantially justified in light of the evidence available to the United States, were not vexatious, frivolous or taken in bad faith, and do not provide Defendant with a basis for any future claims under the "Hyde Amendment," Pub. L. No. 105-119 (1997).

16. **Breach, Waiver, and Post-Plea Conduct.** Defendant agrees that, if Defendant breaches this Plea Agreement: (a) the United States may withdraw from this Plea Agreement and Defendant may be prosecuted for all offenses for which the United States has evidence; (b) Defendant will not oppose any steps taken by the United States to nullify this Plea Agreement, including the filing of a motion to withdraw from the Plea Agreement; and/or (c) Defendant waives any objection to the re-institution of any charges that previously were dismissed or any additional charges that had not been prosecuted.

Defendant further understands that if, after the date of this Plea Agreement, Defendant should engage in illegal conduct, or conduct that violates any conditions of release or the conditions of confinement (examples of which include, but are not limited

Plea Agreement - 12
*United States v. Anthony McQueen*, CR24-122-JNW

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

to, obstruction of justice, failure to appear for a court proceeding, criminal conduct while pending sentencing, and false statements to law enforcement agents, the Pretrial Services Officer, Probation Officer, or Court), the United States is free under this Plea Agreement to file additional charges against Defendant and/or to seek a sentence that takes such conduct into consideration by requesting the Court to apply additional adjustments or enhancements in its Sentencing Guidelines calculations in order to increase the applicable advisory Guidelines range, and/or by seeking an upward departure or variance from the calculated advisory Guidelines range. Under these circumstances, the United States is free to seek such adjustments, enhancements, departures, and/or variances even if otherwise precluded by the terms of the Plea Agreement.

17. **Waiver of Appellate Rights and Rights to Collateral Attacks.** Defendant acknowledges that, by entering the guilty pleas required by this Plea Agreement, Defendant waives all rights to appeal from Defendant's conviction, and any pretrial rulings of the Court, and any rulings of the Court made prior to entry of the judgment of conviction. Defendant further agrees that, provided the Court imposes a custodial sentence that is within or below the Sentencing Guidelines range (or the statutory mandatory minimum, if greater than the Guidelines range) as determined by the Court at the time of sentencing, Defendant waives to the full extent of the law any right conferred by Title 18, United States Code, Section 3742, to challenge, on direct appeal, the sentence imposed by the Court, including any fine, restitution order, probation or supervised release conditions, or forfeiture order (if applicable). This includes any procedural challenges to the sentence, including any claim that the procedure employed at sentencing violated Defendant's constitutional rights.

Defendant also agrees that, by entering the guilty pleas required by this Plea Agreement, Defendant waives any right to bring a collateral attack against the conviction and sentence, including any restitution order imposed, except as it may relate to the

Plea Agreement - 13
*United States v. Anthony McQueen*, CR24-122-JNW

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

effectiveness of legal representation or a claim of prosecutorial misconduct based on facts unknown or not reasonably discoverable prior to entry of the judgment of conviction.

Defendant acknowledges that certain claims, including certain claims for prosecutorial misconduct, will be barred by operation of law by virtue of their guilty plea, independently from this Plea Agreement. This waiver does not preclude Defendant from bringing an appropriate motion to address the conditions of Defendant's confinement or the decisions of the Bureau of Prisons regarding the execution of Defendant's sentence.

If Defendant breaches this Plea Agreement at any time by appealing or collaterally attacking (except as to claims not subject to the waiver, above) the conviction or sentence in any way, the United States may prosecute Defendant for any counts, including those with mandatory minimum sentences, that were dismissed or not charged pursuant to this Plea Agreement.

18. **Voluntariness of Plea.** Defendant agrees that Defendant has entered into this Plea Agreement freely and voluntarily, and that no threats or promises were made to induce Defendant to enter a plea of guilty other than the promises contained in this Plea Agreement or set forth on the record at the change of plea hearing in this matter.

19. **Statute of Limitations.** In the event this Plea Agreement is not accepted by the Court for any reason, or Defendant breaches any of the terms of this Plea Agreement, or Defendant withdraws from this Plea Agreement after it has been accepted by the Court, the statute of limitations shall be deemed to have been tolled from the date of the Plea Agreement to: (1) thirty days following the date of non-acceptance of the Plea Agreement by the Court; or (2) thirty days following the date on which a breach of the Plea Agreement by Defendant is discovered by the United States Attorney's Office; or (3) thirty days following the grant of a motion to withdraw from the Plea Agreement.

//
//
//

Plea Agreement - 14
United States v. Anthony McQueen, CR24-122-JNW

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

20. **Completeness of Plea Agreement.** The United States and Defendant acknowledge that these terms constitute the entire Plea Agreement between the parties, except as may be set forth on the record at the change of plea hearing in this matter. This Plea Agreement binds only the United States Attorney's Office for the Western District of Washington. It does not bind any other United States Attorney's Office or any other office or agency of the United States, or any state or local prosecutor.

Dated this 19th day of September, 2025.

_____
ANTHONY MCQUEEN
Defendant

_____
PETER GEISNESS
Attorney for Defendant

_____
AMY JAQUETTE
Assistant United States Attorney

_____
JESSICA M. LY
Special Assistant United States Attorney

Plea Agreement - 15
*United States v. Anthony McQueen*, CR24-122-JNW

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970