UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> ANTHONY MCQUEEN, <br><br> Defendant. | NO. CR24-122-JNW-005 <br><br> **UNITED STATES' SENTENCING MEMORANDUM** |

Defendant Anthony McQueen conspired to commit a bank fraud scheme that involved his personal use of at least three victims' stolen identifying information to impersonate them and take over their accounts. McQueen's role in the conspiracy caused over $66,000 in actual losses to the Victim Credit Union. Considering his offense conduct and significant criminal history, the United States joins with the Probation Office in respectfully recommending that the Court sentence McQueen to a total sentence of 30 months, to be followed by a 3-year term of supervised release.

//
//
//

United States' Sentencing Memorandum - 1
*United States v. Anthony McQueen*, CR24-122-JNW-005

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

## I. BACKGROUND

**A. Offense Conduct**

In 2022, co-defendant Aneicia Ford unlawfully accessed bank accounts and retained victims' personally identifiable information ("PII") while working as a customer service representative for the Victim Credit Union ("VCU"). The stolen PII was later disseminated amongst the members of the charged conspiracy, including by co-defendant Dangelo Roberts, and was used: (i) to produce counterfeit identification cards in the victims' names but bearing photos of the co-conspirators, and (ii) to gain access to and conduct unauthorized transactions on the victims' accounts. Once the co-conspirators successfully took over an account, they committed the fraud through actions such as: obtaining new debit cards in the victims' names; increasing ATM withdrawal limits and point-of-sale purchase limits; purchasing cashier's checks and money orders; and withdrawing cash.

McQueen knowingly joined and participated in this conspiracy to defraud the VCU for approximately five months. He accepted fake IDs and stolen PII from Roberts; impersonated at least three individual victims at several VCU branches in this district; and personally obtained $66,395.22 from the victims' accounts. For instance, on May 27, 2022, at a VCU branch in Tukwila, McQueen fraudulently gained access to victim A.A.'s account and withdrew $25,000 in cash from that account.

The overall conspiracy caused $345,014.51 in actual losses to the VCU. PSR ¶¶ 13-21.

**B. Procedural History**

On July 17, 2024, the defendant was charged by indictment with Conspiracy to Commit Bank Fraud in violation of 18 U.S.C. §§ 1344 & 1349 (Count 1); Bank Fraud in violation of 18 U.S.C. §§ 1344 & 2 (Count 3); and Aggravated Identity Theft in violation of 18 U.S.C. §§ 1028A(a)(1) & 2 (Count 9). Dkt 1. On September 19, 2025, the defendant pleaded guilty to the conspiracy and aggravated identity theft offenses. Dkt.

United States' Sentencing Memorandum - 2
*United States v. Anthony McQueen*, CR24-122-JNW-005

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

170. The defendant stipulated to detention and has been in custody since his arraignment on August 5, 2024. Dkt. 52.

C. **Criminal History**

The defendant has a criminal history of adult convictions spanning almost two decades, including for theft-related offenses (*see* PSR ¶ 38 (robberies involving later use of a victim's credit card); ¶ 41 (assisting with a robbery)) as well as violent offenses (*id.* ¶¶ 39, 46-48).

## II. SENTENCING GUIDELINES CALCULATIONS

The United States concurs with the Sentencing Guidelines calculations in the PSR, which are consistent with the calculations the parties stipulated to in the plea agreement. With a Criminal History Category of VI and a total offense level of 11, the resulting advisory Guidelines range is 27 to 33 months, plus the 2-year mandatory minimum. PSR ¶¶ 97-98.

## III. THE 3553(a) FACTORS SUPPORT THE RECOMMENDED SENTENCE

An analysis of the relevant sentencing factors in this case supports the United States' recommended, low-end Guidelines sentence of a total of 30 months (6 months as to Count 1 and 24 months consecutive as to Count 9).

First, as to the nature and circumstances of the offense, McQueen participated in the conspiracy for months and successfully took over at least three different victims' accounts. Bates 10154. The number of attempted account takeovers he may have participated in during this period is unknown. The amount McQueen received as payment for his efforts is also unknown. *See* Dkt. 170 ¶ 8(f). Similar to co-conspirators who used fake IDs and PII supplied by others, McQueen was a lower-level participant who played no managerial role in the fraud. In comparison to his co-defendants, McQueen is responsible for the next-to-last amount of loss (co-defendant Meghan Frazier was responsible for the lowest amount at $23,505.01).

United States' Sentencing Memorandum - 3
*United States v. Anthony McQueen*, CR24-122-JNW-005

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

By McQueen's account, financial constraints following the COVID-19 pandemic and injuries he suffered as the victim of a shooting incident led to his involvement in these crimes. PSR ¶ 69. Despite those circumstances, it is an aggravating factor that McQueen resorted to fraud to make ends meet, particularly in light of his employment opportunities following incarceration. *See id.* ¶¶ 67-68, 90.

Second, the defendant's history and characteristics are predominantly aggravating and show that he fundamentally lacks respect for the law. His childhood involved early exposure to criminal activity, a parent who suffered from a substance use disorder, and turbulent living environments, although his ACES score ultimately reflects an overall more stable upbringing. *See id.* ¶ 80. McQueen's family also supported him in school and sports, and McQueen showed remarkable talent as a semi-professional football player. However, he maintained relationships with peers engaged in criminal activities, submitted to their negative influences, and eventually chose to live a life of crime. The years he has spent in custody even before committing the offenses of conviction should have shown him that he must commit to lasting changes, or he will face ever-growing sanctions for his misguided actions.

Third, a low-end Guidelines sentence would advance the purposes of sentencing set forth in 18 U.S.C. § 3553(a)(2). The proposed sentence would impress upon the defendant and the public the seriousness of this offense, promote respect for the law, and deter similar criminal conduct, especially because fraud crimes like the one McQueen committed often have low barriers to entry. PII is readily accessible to others, both through lawful and unlawful means. Significant consequences are warranted to dispel the notion that stealing money someone else's bank account is a minor offense or one that, given the volume of fraudulent transactions, will not be prosecuted. Moreover, the proposed sentence is a just one that accounts for McQueen's age upon his release and the potentially reduced risk of recidivism. *See* Probation Office Recommendation at 6

United States' Sentencing Memorandum - 4
*United States v. Anthony McQueen*, CR24-122-JNW-005

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

("Given his age, I do believe it is less likely he will engage in this type of behavior again[,] making a period of imprisonment longer than 30 months unnecessary here.").

Fourth, as to unwarranted sentence disparities, the JSIN data for similarly situated defendants shows an average sentence of 22 months in custody, excluding the applicable mandatory minimum. The Government's recommendation in this case considers the JSIN data alongside McQueen's significant criminal history and the sentences this Court imposed on Roberts (36 months) and Ford (30 months), the two most culpable defendants charged in this conspiracy. Dkts. 194, 208.

Finally, the defendant has taken responsibility by agreeing to pay restitution in full for the fraud he personally committed. The United States is hopeful that McQueen will pay that restitution in the future and that this is the last time he is sentenced. The proposed term of supervision and special conditions will also ensure that McQueen: adheres to a payment plan; is evaluated for any mental health or substance use disorder treatment he may need; and is held accountable for any future violations.

//
//
//

United States' Sentencing Memorandum - 5
*United States v. Anthony McQueen*, CR24-122-JNW-005

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

## IV. CONCLUSION

For the foregoing reasons, the United States respectfully requests that the Court sentence the defendant to a total of 30 months' imprisonment and a 3-year term of supervised release.

DATED this 4th day of December, 2025.

Respectfully submitted,

CHARLES NEIL FLOYD
United States Attorney

 *s/ Jessica M. Ly*
JESSICA M. LY
Special Assistant United States Attorney
United States Attorney's Office
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
Phone: 206-553-7970
Fax: 206-553-0882
Email: Jessica.Ly@usdoj.gov

United States' Sentencing Memorandum - 6
*United States v. Anthony McQueen*, CR24-122-JNW-005

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970